ESTATE OF HENRY H. SCHOLLER, DECEASED, FREDERICK C. SCHOLLER, SURVIVING EXECUTOR, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 103422. Promulgated April 23, 1940.

*Leon Meltzer, Esq.,* for the petitioner.
*Eugene G. Smith, Esq.,* for the respondent.

OPINION.

STERNHAGEN: The Commissioner determined a deficiency of $51,-063.70 in decedent's estate tax by including 833⅓ shares of Scholler Brothers, Inc., and 166 shares of Scholler Brothers, Inc., Ltd., in the gross estate.

The determination is made under the Revenue Act of 1932, section 803 (a), without specification. Petitioner argues (1) that the decedent's transfer of the shares in December 1935 was not made in contemplation of death, and (2) that the transfer, even though made to take effect in possession or enjoyment at or after death, was a *bona fide* sale for an adequate and full consideration in money or money's worth and thus within the express exception of the statute.

The decedent died March 23, 1936, aged forty-seven, as the result of a sudden and unexpected illness. In 1935, after serious domestic difficulty with his wife, to whom he had been married two years, he divorced her and cut her off entirely from participation in his property or affairs. He revoked an insurance trust of which she had been the beneficiary. He and his two unmarried brothers owned equally all the shares of two corporations which carried on their manufacturing business, and in order to prevent any possible participation or claim by the wife in the shares of decedent or the business, they, on December 16, 1935, placed all the shares in trust. Petitioner owned 999⅓ shares, the value of which at the time of his death was $268,-393.33. His transfer was made within two years prior to his death, and it must therefore be deemed to have been made in contemplation of death, unless shown to the contrary.

It is clear from the evidence that the transfer was not made in contemplation of death. The prospect of death, either imminent or ultimate, was not a factor of consideration. When the transfer was made, the decedent was, so far as he knew, in sound physical condition except for the nervous depression brought about by worry about his wife's conduct. He was not actuated by the thought of death. He was not making a testamentary disposition of his property. He made the transfer to preclude the possibility that his wife would now or ever derive anything from it. It is hereby found as a fact that the transfer by decedent in 1935 of the 833⅓ shares of Scholler Brothers, Inc., and the 166 shares of Scholler Brothers, Inc., Ltd., was not made in contemplation of death.

Under the statute, the value of the shares is within the gross estate if the transfer was to take effect in possession or enjoyment at or after

death or if under the trust the settlor has retained for life the right to the income from the shares, "except in the case of a *bona fide* sale for an adequate and full consideration in money or money's worth." The decedent and his two brothers, each with each other and each with the trustee, transferred the shares in trust; irrevocably unless a writing were signed by all; the trustee to receive and distribute the income from the shares *pro rata* to each brother according to his contribution; the trustee to vote the shares in accordance with the written direction of the shareholder from whom they had been received; and in event of death of one, to hold all shares for the survivors. The petitioner admits that decedent retained for his life the right to the income from the shares, and that under the statute the shares must therefore be included in the value of the gross estate unless they were the subject of a *bona fide* sale for an adequate and full consideration in money or money's worth. The petitioner contends that the transfer to the trust was such a sale because there was a reciprocal transfer by all three brothers, the transfer of the other two brothers being an adequate and full consideration in money or money's worth for the transfer by decedent.

The reason for the statutory exception of *bona fide* sales was primarily to prevent the inclusion in the gross estate of both the value of property transferred by a sale and the value of the consideration received. It would not do to tax the one estate upon both the proceeds of a sale and the value of the property sold. But if, as petitioner contends, the transfer of the shares must be regarded as a sale and decedent as receiving an adequate consideration in money's worth, it must follow logically that the value of what he thus received and retained is to be included in the gross estate. All three brothers transferred exactly the same number of shares to the trust; they acquired equal interests in the trust and its corpus. The death of this decedent, the first to die, was the occasion of an enlargement of the interest of each of the others. If the decedent's estate is not to include the value of the shares transferred, it must include the value at the time of his death of his interest in the trust, which comes to the same thing, since it is measured by the value of the shares which he contributed. The petitioner urges only that the value of the shares must be excluded. Even if this be true, the Commissioner correctly included in the decedent's gross estate an amount equivalent to the value of the 999⅓ shares, cf. *Lehman* v. *Commissioner*, 109 Fed. (2d) 99; certiorari denied, 310 U. S. 637.

*Decision will be entered for the respondent.*